IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CAROL J. SEBRING                                                                                    PLAINTIFF

vs.                                              Civil No. 2:14-cv-02209

CAROLYN W. COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Carol Sebring ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her disability application on August 14, 2012. (Tr. 21, 145-150). In her application, Plaintiff claims to be disabled due to gout, high blood pressure, insomnia, depression, alcohol abuse, and overactive bladder. (Tr. 171). Plaintiff alleged an onset date of October 1, 2005. (Tr. 21, 145). This application was denied initially and again upon reconsideration. (Tr. 21).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 21, 91). Plaintiff's hearing was held on July 9, 2013. (Tr. 36-54). At this hearing, Plaintiff was present and was represented by David Harp. *Id.* Plaintiff and Vocational Expert ("VE") Floyd Massey testified. *Id.* As of the date of this hearing, Plaintiff was sixty (60) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 416.963(e). (Tr. 40). Plaintiff also testified at this hearing that she had completed the eighth grade and obtained her GED. *Id.* On September 13, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 21-29). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 14, 2012, her application date. (Tr. 23, Finding 1). The ALJ determined Plaintiff had the following severe impairments: hypertension and obesity. (Tr. 23, Finding 2). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 27, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 27-29). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the full range of medium work. (Tr. 27, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was able to perform her PRW as a fast food worker. (Tr. 29, Finding 5). Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from her application date of August 14, 2012. (Tr. 29, Finding 6).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable

decision. (Tr. 17). On August 12, 2014, the Appeals Council declined to review this unfavorable decision. (Tr. 1-7). On October 3, 2014, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 6, 2014. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 13, 14. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.  Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ did not fully and fairly develop the record; (2) the ALJ improperly evaluated her severe impairments at Step Two of the Analysis; (3) the ALJ's RFC determination is inconsistent with the evidence in the record; and (4) the ALJ erred in his Step Four determination. ECF No. 13 at 8-17. Because the Court finds the ALJ erred by finding her depression was non-severe, the Court will only address Plaintiff's second argument

for reversal.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In the present action, the ALJ determined Plaintiff only had the severe impairments of obesity and hypertension. (Tr. 23, Finding 2). The ALJ did not find Plaintiff's depression was severe. *Id.* This is despite the fact Plaintiff alleged at the administrative hearing she was disabled due to her depression and her medical records demonstrate she suffers from the severe impairment of depression. (Tr. 51-53, 238, 248, 259-261, 265-269).

On January 3, 2011, Plaintiff was seen by Dr. Robert Russell and was diagnosed with chronic depression and was prescribed Lexapro. (Tr. 238). On August 2, 2012, Plaintiff was admitted to

5

Sparks Regional Medical Center with a diagnosis of major depression with anxiety and substance abuse. (Tr. 253). Plaintiff had a GAF score of 20 at that time. *Id.* Plaintiff was discharged four days on later on August 6, 2012. (Tr. 248). Plaintiff was then seen by Western Arkansas Counseling and Guidance Center on August 13, 2012 for a Diagnostic Evaluation. (Tr. 259-261). Plaintiff was diagnosed with major depressive disorder and had a GAF score of 49 which indicated severe symptoms. *Id.*

On October 4, 2012, Plaintiff had a Mental Diagnostic Evaluation by Dr. Terry Efrid. (Tr. 265-269). Plaintiff was diagnosed with adjustment disorder, with mixed anxiety and depressed mood. (Tr. 267).

The ALJ has a duty to fully and fairly develop the record in this matter. *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004) (holding "[w]ell-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case"). In this case, based upon the above medical findings alone, the ALJ should have included Plaintiff's depression as a severe impairment or, at the very least, fulfilled his duty to develop the record and further investigate her claim on this issue. His failure to do so is reversible error. *See Nicola,* 480 F.3d at 887 ("... we reject the Commissioner's argument of harmless error"). Accordingly, this case must be reversed and remanded. This evidence is sufficient to meet the lower standard for demonstrating an impairment is "severe."

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 19th day of June 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE